Eric Stephenson (9779)
STEPHENSON LAW FIRM
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
(844) 529-2112
eric@utahjustice.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| ROBYN YOUNG, | **PLAINTIFF'S SHORT FORM DISCOVERY MOTION** |
|---|---|
| Plaintiff, | |
| vs. | |
| NPAS, INC. and MEDICREDIT, INC., | Case Number: 2:16-cv-01104 |
| Defendants. | Judge: Paul M. Warner |

Plaintiff Robyn Young, by and through her attorneys, pursuant to Federal Rules of Civil Procedure 26 and 37 and DUCivR 37-1, respectfully requests for this Honorable Court to preclude Defendants from producing documents, witnesses, and other information in support of their affirmative defenses they failed to disclose or supplement under Rule 26 and refused to produce under Rules 33, 34, and 36.

CERTIFICATION

Young's counsel, Eric Stephenson, certifies that he has made reasonable good faith efforts to resolve the discovery disputes in this matter. Initial Disclosures were exchanged and Young sent discovery to the Defendants on January 25, 2017. Young then granted Defendants three extensions of time but Defendants failed to properly respond, refused to produce documents and information, and objected to almost every discovery request. Young's counsel

attempted to meet and confer by letter on April 12, 2017, by emails on May 8th, May 25th, June 1st, June 28th, July 31, and in person on August 15th at 2:00 p.m.[1] In response, Defendants' refused to provide any meaningful responses and did not appear at the in-person meeting.[2]

## ARGUMENT

Defendants asserted a laundry list of affirmative defense but never provided any documents, witnesses, or other information pertaining to those defenses.[3] Under Rule 26, Defendants had an obligation to produce and supplement that information automatically.[4] Young then propounded discovery requests explicitly asking for information pertaining to the affirmative defenses. In response, Defendants requested three extensions of time, objected to every request, refused to produce plainly relevant documentation, and failed to provide meaningful responses.

Defendants' conduct is inappropriate and obstructionist. Defendants did not provide proper initial disclosures and then asserted page after page of boilerplate objections to Young's requests. Defendants even included their own self-serving definitions, asserted dozens of additional objections, qualified their evasive responses, and refused to admit undeniable facts. Defendants even asserted a lack of knowledge for information they created and control and refused to authenticate documents they created.[5]

---

[1] *See* Exhibits P-7 – P-15
[2] Exhibit P-15
[3] Exhibits P-16 and P-17
[4] Fed. R. Civ. P. 26(a) and (e)
[5] *See* Exhibits P-1 – P-6

Defendants' responses are not acceptable. Instead of providing the factual basis for their affirmative defenses, Defendants asserted—in stark contrast to their prior Rule 11 and Rule 26 certifications—that they lack the knowledge required to respond.[6] They also used the ever-predictable boilerplate objection that requesting information about their affirmative defenses is somehow "overly broad, unduly burdensome and oppressive" even though they raised the defenses.[7] And Defendants never identified what burdens or costs would occur to simply provide information they were required by Rule 11 to already have, and by Rule 26 to already produce.

It is inconceivable for each and every request to be objectionable, but even so, Defendants made no effort whatsoever to cooperate in resolving the issues or to explain their failures to comply. Instead, they simply ignored and frustrated Young's efforts to obtain proper responses.

Accordingly, this Court should enter an order prohibiting Defendants from producing any evidence in support of its affirmative defenses that it has not already produced. Rules 26(e) and 37(c) required timely production and supplementation and it is no excuse—contrary to Defendants' objections—that they had not fully investigated their cases when they filed their answers.[8]

DATED 8/29/2017                         /s/ Eric Stephenson
                                        *Attorney for Plaintiff*

---

[6] Exhibit P-1 at ¶¶ 16 and 17; Exhibit P-4 at ¶¶ 16 and 17
[7] Exhibit P-2 at ¶¶ 1, 4, 5, 9 – 20; Exhibit P-5 at ¶¶ 1, 4, 5, 9 – 20
[8] Fed. R. Civ P. 26(a)(1)(E); Fed. R. Civ. P. 37(c); *See also* Fed. R. Civ. P. 11(b)

— 4 —

## CERTIFICATE OF SERVICE

I hereby certify that on 8/29/2017 I filed the foregoing PLAINTIFF'S SHORT FORM DISCOVERY MOTION through this court's electronic filing system which automatically notifies counsel of record for the Defendants.

/s/ Eric Stephenson
*Attorney for Plaintiff*