Eric Stephenson (9779)
STEPHENSON LAW FIRM
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
(844) 529-2112
eric@utahjustice.com

Lester Perry (2571)
HOOLE & KING L.C.
4276 Highland Drive
Salt Lake City, Utah 84124
Telephone: (801) 272-7556
Facsimile: (801) 272-7557

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| ROBYN YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>NPAS, INC. and MEDICREDIT, INC.,<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR EXTENSION OF TIME**<br><br>HEARING REQUESTED<br><br>Case Number: 2:16-cv-01104<br><br>Judge: Paul M. Warner |
|---|---|

Plaintiff Robyn Young, by and through her attorneys respectfully requests for this Honorable Court to deny Defendants' second request for more time to respond to the pending Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d).

INTRODUCTION

Although Defendants did not cite to any authority for their second request for more time, Rule 56(d) provides the only method by which a party can obtain more time to respond to a motion for summary judgment and Defendants already filed a separate motion under that Rule. Nonetheless, Defendants have now filed a second duplicative request for more time to hedge

their bets by seeking the exact same relief requested in the previous motion. Like the first request, this second request also fails to meet the requirements of Rule 56(d).

## ARGUMENT

To delay this case, Rule 56(d) requires Defendants to establish that the "facts essential to justify [their] opposition" are not available to them.[1] The Defendants did not meet that burden. They did not;

- (i) file an affidavit,
- (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts,
- (iii) explain why facts precluding summary judgment cannot be presented, and
- (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment.[2]

Defendants did not just fail to meet the requirements of Rule 56(d) however. They also completely ignore that under the FDCPA, all Young has to do to prevail on summary judgment is show that Defendants either contacted her after receiving notification she was represented by an attorney or demanded money from Young she never owed. Each of those violations are undisputedly established by Defendants' own documentation and Defendants did not identify, or even attempt to identify, specifically how Young's deposition will help them overcome those facts. The FDCPA is a strict liability statute.[3] The standard is the least sophisticated consumer standard which is analyzed completely independent of what Young knew or didn't know.[4]

---

[1] Fed. R. Civ. P. 56(d)

[2] *Todd v. Montoya*, 877 F.Supp.2d 1048, 1083 (2012)

[3] *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)(*citing* 15 U.S.C. § 1692k; *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010))

[4] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993); *see also Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320, 1329 (D. Utah 1997)

Instead of identifying which specific facts they need and explaining why those facts will help them overcome their burden in opposing summary judgment, Defendants simply conclude that they have good cause for the relief requested.[5] Rather than identify that so-called "good cause" they simply point out that a deposition is pending even though that deposition is not determinative of liability which is the only claim at issue in the pending Motion for Summary Judgment. And Defendants seem cognizant of that issue as they themselves pointed out that "Plaintiff's Motion for Summary Judgment does not seek a determination of damages …"[6]

Defendants also incorrectly conclude that the requested extension will not prejudice Young or delay the case which is demonstrably false. Indeed, delaying the disposition of summary judgment by an additional five weeks is the definition of delay. The undisputed facts prove Defendants' liability to Young and that can and should be decided now.

As for prejudice, that has already been established. This court ordered Defendants "to produce everything they intend to produce as to their affirmative defenses in this case by September 22, 2017."[7] By requesting an additional five weeks of delay, Defendants are seeking to grant themselves an opportunity to produce additional evidence in contravention of this Court's ruling that "the Plaintiff would be harmed by the disclosure of documents or newly-identified witnesses related to Defendants affirmative defenses after September 22, 2017."[8]

---

[5] Defendants' Motion for Extension of Time at 3, ECF No. 44
[6] *Id*.
[7] Order Granting Discovery Motion, 9/19/2017, ECF No. 43
[8] *Id*.

— 4 —

## CONCLUSION

If they desired to file one, Defendants' response to Young's Motion for Summary Judgment was due on September 19, 2017. Instead of filing that response, however, Defendants requested an additional five weeks to delay this case. In support of that request, Defendants omitted the required declaration, provided no justification beyond that stated in their previous request for the same delay, and omitted any explanation for why they waited until the day their response was due for filing the request for time. They also did not explain why they are unable to respond by the deadline. Instead, they unilaterally conclude that they are entitled to more time without any support for why that time is needed.

Defendants' request does not meet the requirements of Rule 56(d). It does not identify what specific facts are not available, the relevance of those facts to summary judgment, or what steps Defendants took to obtain those facts. Defendants' request also fails to explain why facts precluding summary judgment cannot be presented or how the desired time would enable them to meet their burden in opposing summary judgment.

For these reasons, and the reasons set forth in Young's Memorandum in Opposition to Defendants' Rule 56(d) Motion, this second duplicative request to delay this case by an additional five weeks should be denied.

HEARING REQUESTED

    DATED 9/22/2017                        /s/ Eric Stephenson
                                                          *Attorney for Plaintiff*

— 5 —

## CERTIFICATE OF SERVICE

    I hereby certify that on 9/22/2017 I filed the foregoing Memorandum in Opposition to Defendants' Second Motion for Extension of Time through this court's electronic filing system which automatically notifies counsel of record for the Defendants.

/s/ Eric Stephenson
*Attorney for Plaintiff*
