Eric Stephenson (9779)
STEPHENSON LAW FIRM
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
(844) 529-2112
eric@utahjustice.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| ROBYN YOUNG, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' SHORT FORM DISCOVERY MOTION** |
|---|---|
| Plaintiff, | |
| vs. | |
| NPAS, INC. and MEDICREDIT, INC., | Case Number: 2:16-cv-01104 |
| Defendants. | Judge: Paul M. Warner |

Defendants are adamantly refusing to appear for properly noticed depositions and they are concealing witnesses. The parties have conferred by email and telephone but true to her word, Defendants' counsel is "not willing to budge."[1]

**Defendants' are unreasonably refusing to appear at properly noticed depositions**

Defendants did not promptly object to the notices and therefore waived their objections. "An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice."[2] Initially, Defendants selected the dates for their depositions without indicating any desire to choose the location. Because the location is typically selected initially by the noticing party, Plaintiff noticed the depositions to occur in Utah where

---

[1] Letter from Jamie Cotter, October 17, 2017; Letter from Eric Stephenson, October 19, 2017
[2] Fed. R. Civ. P. 32(d)(1)

all the parties have legal counsel.[3] For judicial economy and convenience of the parties it is common practice to hold Rule 30(b)(6) depositions in the forum location .[4]

After receiving the notices, Defendants did not express any concerns about holding the depositions Utah. It wasn't until weeks later with the depositions only days away that Defendants suddenly refused to appear.[5] Under the plain language of Rule 32(d)(1) that failure to promptly object operates as a waiver. This is especially true given that Defendants' only excuse for not objecting promptly is that their counsel did not look at the Notices when they were served.[6]

Furthermore, it is Defendants' burden to establish they will suffer "annoyance, embarrassment, oppression, or undue burden or expense" by being deposed in the noticed deposition location and they did not even attempt to meet that burden.[7] Instead, they merely concluded without explanation that "[t]he location is unduly burdensome."[8] Such a generic conclusion is not sufficient. Defendants were required to describe any alleged harm with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]

In contrast, the undue burden to Plaintiff by changing the location would be tremendous. Flights and lodging are more expensive and harder to find on short notice. Plaintiff would be denied her right to attend since health issues and having young children at home prevent last

---

[3] *See* Fed. R. Civ. P. 30(b)(1); 8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, Federal Practice & Procedure § 2112 at 73 (2d ed. 1994)
[4] *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171
[5] Letter from Jamie Cotter, October 17, 2017
[6] Letter from Eric Stephenson, October 19, 2017
[7] *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001); *Scooter Store, Inc. v. Spinlife.com, LLC*, 2011 U.S. Dist. LEXIS 57283, 1-2 at * 4-5 (S.D. Ohio May 25, 2011)
[8] Letter from Jamie Cotter, October 17, 2017
[9] *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (*quoting Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981))

minute travel. Changing the location would also be unduly financially burdensome to her. Defendants however, "collect more than $41 billion" annually making them far more capable of absorbing the costs of travel.[10] Defendants failed to identify any hardship whatsoever and it is unlikely any exists given their resources and considering the designee works for two companies in the separate States of Missouri and Tennessee.[11]

Furthermore, since attorneys for all the parties are located in Utah, this is far and away the most convenient location for the depositions.[12] Only one person must travel if Utah remains the location whereas multiple people may have to travel if it is changed. It would also be more burdensome for Plaintiff's attorneys to pack up deposition exhibits and their equipment for travel when the corporate designee can travel much lighter without any of that baggage. Here, Plaintiff's counsel has access to its offices, copiers, scanners, video and audio equipment, and support staff, and would be devoid of that support in St. Louis. Even setting aside the deprivation of her rights Plaintiff would suffer if the location is changed, it is logistically far more efficient to hold the depositions here in Utah rather than changing the location at the last minute.

---

[10] Parallon Corporate Website, https://www.parallon.com/about-us (last visited 10/19/2017)
[11] *See Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94 (S.D.N.Y. 1968)* (Courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer a resulting financial hardship)
[12] *See Mill-Run Tours, Inc. v.Khashoggi, 124 F.R.D. 547, 551 (S.D.N.Y. 1989)* (although less important than any hardship on the parties, the convenience of counsel should be taken into account where interests of counsel would best be served by holding the depositions where all the attorneys practiced); *see also Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 172 (S.D.N.Y. 1985)*

**Defendants are concealing witnesses**

Plaintiff is entitled to depose the individuals who actually communicated with her and Defendants initially agreed to identify these witnesses. Despite that agreement, Defendants now seek to hide behind a single, still unidentified, corporate designee who did not participate in those communications. This is the epitome of "impeding, delaying, and frustrating the fair examination of the deponent."[13] This Court should deny Defendants request to allow it to conceal these witnesses.

## CONCLUSION

Defendants are impeding, delaying, and frustrating the fair examination of the deponents by refusing to appear at properly noticed depositions and concealing witnesses. They also waived their objections by failing to promptly object. This Court should therefore deny Defendants' last minute request to change the location of the depositions.

DATED 10/20/2017                    /s/ Eric Stephenson
                                    *Attorney for Plaintiff*

---

[13] Fed. R. Civ. P. 30(d)(2)

CERTIFICATE OF SERVICE

    I hereby certify that on 10/20/2017 I filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' SHORT FORM DISCOVERY MOTION through this court's electronic filing system which automatically notifies counsel of record for the Defendants.

          /s/ Eric Stephenson
          *Attorney for Plaintiff*